It is your honor, thank you. And the court notes that you were appointed under the Criminal Justice Act. Yes. And the court wants you to know we deeply appreciate your willingness to accept the assignment. Thank you, your honor. May it please the court, counsel. The question before the court in the sentencing appeal is whether first degree aggravated robbery under Minnesota law is a violent felony under the ACCA, the Armed Career Criminal Act. Within the narrow construction of that phrase given by the United States Supreme Court in the Curtis Johnson case. The answer to that question is no. And the reason is that under the categorical approach with both parties agree applies here. The least of the acts criminalized under Minnesota's aggravated robbery statute involve a quantum of force less than the violent force that the Supreme Court requires in order for a felony to be a violent felony under the Armed Career Criminal Act. Now the least conduct that we're looking at in particular here under first degree aggravated robbery in Minnesota basically has two parts to it. You have a simple robbery while armed with a dangerous weapon. Because Minnesota law supports a simple robbery with the use of mere force, not enough to cause pain or injury, that is less than violent force. And because Minnesota law allows conviction for the mere possession of a dangerous weapon, no use, no brandishing, no threatening, not even being aware of its presence, that is less than violent force. And it's important when we apply the categorical approach to be mindful of the Supreme Court's decision in the Moncrief v. Holder case under which this court must examine what the state conviction necessarily involved, not the facts of the underlying case. And the court must presume that the conviction rested upon nothing more than the least of the acts criminalized under the offense of conviction. In United States v. Bell, this court noted that if there is a realistic probability that a state may apply its statute to conduct falling short of violent force, that's sufficient to disqualify that conviction as an ACCAA predicate. Applying that test to simple robbery under Minnesota law, it's clear it does not involve violent force, or at least the least conduct does not involve violent force. And there's three reasons why. You look to the language of the statute itself, you look to prior precedent of this court, and you look to prior precedent from Minnesota appellate decisions interpreting the simple robbery statute. The language of the simple robbery statute in Minnesota provides as follows, in terms of the force part. Somebody who uses or threatens the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of property is guilty of robbery. Force is not defined or limited. It is not modified by words such as physical, or violent, or any words suggesting that there's a quantum of force required that must be capable of causing physical pain or injury. In that sense, the actual language is very distinct from the Armed Career Criminal Act's definition of physical force under section 924E. This court's precedent also guises to that result. You have the Samuel Johnson case in which this court compared Minnesota's simple robbery statute with Arkansas's robbery statute, found the language in terms of the force language to be almost identical. In 2016, this court gave us a decision in Eason which, looking at Curtis Johnson and applying that language to Arkansas's robbery statute, found that that was not a crime of violence. Therefore, given this court's finding of the identity of language between Minnesota's robbery statute and Arkansas's statute, the holding follows that Minnesota's simple robbery statute also is not a crime of violence. And the reason is because if you look at Minnesota case law, in particular State v. Nelson is one case, that is a force-used case. It's not a force-threatened case. In that case, the force used was grabbing someone's coat as a teenager and the teenager pulled away. But that force was sufficient in terms of the sufficiency of the evidence analysis for the Minnesota Supreme Court to uphold the simple robbery conviction. It was enough to establish simple robbery under Minnesota law and that force was not capable of causing injury. It was not a force-threatened case. The Minnesota Appeals Decision of State v. Burrell is in accord. A quantum of force in simple robbery need not cause bodily harm, nor be it capable of causing injury. There's no pain or injury. Mere force was enough. Now, I'm sure the government is going to talk about, and they've talked about in their brief, many cases under Minnesota that look at simple robbery involving more force than mere force, force that is capable of causing pain or injury. But it's not most conduct that's analyzed. It's not even average conduct that's analyzed. Under the categorical quotes, you look at the least conduct from the lines. I'm sure the government will talk about, well, fifth-degree assault is a lesser included, and talking about perhaps a decision on the Seventh Circuit. And that is true. Fifth-degree assault under present Minnesota law is a lesser included of simple robbery. Fifth-degree assault under Minnesota law, the level of force it is a lesser included does not mean that the amount of force to convict someone of fifth-degree assault is congruent with force required to overcome resistance. That's the force you need for simple robbery. They are not congruent. The latter is broader. Again, under Moncrief, under Bell, you look to the least of the acts criminalized. No case in Minnesota has ever held that the force necessary for a simple robbery must be capable of causing pain or bodily harm or cause pain or bodily harm. Finally, I want to turn to the armed with a dangerous weapon form. That also does not meet the standard of being a violent felon. Under Minnesota law, this is a gun or a knife, something that's designed to be a weapon, even if hidden, even if concealed, even if the victim doesn't even know it's there, even if it's not intended by the perpetrator to be used, is sufficient to create the simple robbery or raise it to the level of an aggravated robbery. Under Curtis Johnson itself, the mere possession of a sawed-off shotgun was not a violent felony. Mere possession, without even an attempt to use, falls short of the use, attempted use, or threatened use of physical force against a person of another that is required in order to be a violent felony under Section 924E2B1. And I will reserve, if there are no questions, I will reserve the rest of my time for rebuttal. Very well. We'll hear from the government. Good morning, Ms. Kirkpatrick. Yes, Your Honor. You may proceed. Thank you. May it please the Court, Counsel? The question here, as Counsel has indicated, is whether robbery under Minnesota law is a violent felony under the Fourth Clause of the Armed Career Criminal Act. It is, and it is for several reasons outlined in the Fifth Degree Assault. First, that it violates this Court's precedent that already holds that robbery is a Fourth Clause offense. And second, that because Fifth Degree Assault is a lesser-included offense, that it necessarily, civil robbery, is necessarily a Fourth Clause offense as well. So turning to my first point, the defendant assumes that because this Court revisited the issue of Arkansas robbery in Eason, that that necessarily allows this panel to reconsider Minnesota robbery. And I think that assumption is, it assumes too much. Curtis Johnson cast doubt on the Arkansas robbery because Arkansas specifically defined force as any bodily impact. That was the same level of force at issue in Curtis Johnson. Curtis Johnson did not get any bodily, any offensive touching, even the slightest touch. Minnesota robbery does not define force in that same way. Instead, Minnesota robbery is essentially a codification of common law robbery. And I think it's very important to focus on what Curtis Johnson did and did not do, because that provides a simple answer in this case. In Curtis Johnson, the Supreme Court specifically said at page 1270, the question is whether the term force in the Armored Criminal Act has the specialized meaning that it bore in the common law definition of battery. Held it did not. That is all Curtis Johnson did. It was asked to decide what kind of force was required by the Armored Criminal Act. Not the level of force. It did nothing to quantify how much force was necessary. It simply stated that the kind of force necessary under the force clause is violent force. It's not the force that was assumed. Force in the context of battery at common law and as codified in the Florida Battery Statute was a misdemeanor offense. When Congress defined the term violent felony in the Armored Criminal Act, it didn't intend to incorporate this misdemeanor level of force that battery under Florida law codified. So Curtis Johnson defines the kind of force, violent force, not the level of force. And what kind of force did Congress intend? We know exactly what Congress intended by looking at the legislative history as well as the history of the statute itself. In 1984, Congress enacted the predecessor statute of the Armored Criminal Act, and that specified two offenses. It enumerated two offenses, burglary and robbery. People who had those convictions or were subsequently convicted of felony possession were subject to enhanced sentences. There's no dispute here that Congress intended to expand the scope of this sentencing enhancement provision when it enacted the Armored Criminal Act. So how did it do that? What it did is enumerated a few offenses, burglary, arson, extortion, and robberies. It eliminated the specific reference to robbery. It intended, and the legislative history bears this out, it intended that the new force clause, which involves an offense that has as an element the attempted use, threatened use, or use of physical force against another, it specifically intended that that force clause would incorporate its previous reference to robbery as well as expand coverage to other offenses such as assault, rape, and murder. And what did Congress mean when it wanted, what did it mean by robbery when it intended that the elements clause, the force clause, would incorporate that offense? It meant the robbery that was specifically defined in the previous version of the statute. And that statute, which the Supreme Court has explained the legislative history, but that previous statute was codified at 180C-1202, that statute specifically codified common law robbery. And I'm paraphrasing, but essentially it was the taking of property from the person of another by force or violence. That's the kind of violence, violent force, the kind of force Congress intended. That's precisely... And just to be clear, let's see, what cases basically adopted the statute as well as the Second Circuit? And those citations are not part of the record. I'm happy to provide them now. You make it sound so seductively simple, and I keep seeing these cases, and I said, are we ever going to be done with the Johnson Mathis cases? And I guess my answer is no. So what do we do with this case? Do you think we've already decided it in our circuit? I think we have, because we know... And that case or those cases again are what? United States v. Raymond, United States v. Johnson, United States v. Rucker. Those cases hold that Minnesota robbery is categorically a force clause offense. They do not address Curtis Johnson. But because Curtis Johnson intended common law robbery, excuse me, because Congress intended common law robbery to be something that the force Congress intended was violent force, not common law force under the Battery Clause, there's no reason, because Minnesota robbery is common law robbery, Curtis Johnson did not call into doubt his court's precedent concerning robbery in the same way it did the Arkansas robbery, which went beyond common law robbery by defining force to be any bodily impact. The legislative history again bears out that when Congress defined robbery in the predecessor statute and adopted the common law meaning, it intended the force to be violent and to exclude actions such as simple purse snatchings. It referred to the strong arm robberies. It's exactly what the Minnesota statute does. So on its face, it involves the kind of force that's compliant with Curtis Johnson. It has to be force sufficient to overcome the victim's powers of resistance or to compel the victim to acquiesce to the taking. Now, United States v. Raymond is one of the cases you mentioned. Correct. Tell us how you think that case is determinative here. It simply holds that simple robbery or robbery under Minnesota law is a force clause effect. And that, Mr. Chairman, without going into this court's precedent can only be reconsidered if Supreme Court precedent calls into doubt the court's reasoning. And it doesn't call into doubt this court's reasoning because Curtis Johnson addressed the common law concept of force that's not at issue here. Are you familiar with another case, United States v. Rimbert? I am not, Your Honor. From the 8th Circuit. There it was aiding and abetting first degree robbery. You're not familiar with that case? It found it was, it qualified. I'm not familiar. And it's a Minnesota offense. Alright, thank you. I'm not familiar. Your Honor, if this court is not persuaded by my binding precedent argument, if I may briefly turn to the second sort of part of the argument. If you want to consider the issue anew. Well, it's getting back to Do you think Judge Grosvenor's opinion in Jennings has any relevance to our case? Absolutely. It does or does not? It does. And as Judge Grosvenor points out, this line of argument is divided. I shouldn't laugh because it's not funny. I know how the district judges feel about this. This line of argument has divided judges in the District of Minnesota. I don't know that she's referring to your line of argument or what. She's not. But I can tell you that that is actually an overstatement. I represent the government in the case as well that's also before scheduled for argument tomorrow, the Pettis case where the district court had found robbery is not a violent felony. Going outside the record here, but that district judge has since changed his mind and said he was wrong and he notified the parties. So there isn't this split within the district court that may appear from the opinions. If I could very briefly address the defendant's argument that states that no court has held that there's congruence between the elements of 5th degree assault and simple robbery. And that's not the case. Stanifors specifically held that proof of the use of force element of robbery necessarily proves 5th degree assault as statutorily defined. And the cases he cites in his reply brief pertaining to what is and is not an included offense, Hackler and Ellings both, don't pertain to the particular provision of the statute that defines what is and is not an included offense. Minnesota law defines an included offense in two ways. The first is at issue in the cases he cites and that's a lesser degree of the same offense. So 2nd, 3rd, 4th, 5th degree assault are all lesser included of assaults. Those are the cases he cites. Stanifors addressed the second provision of what's an included offense and that's more of the block burger test that necessarily proves the elements of offense. And because this court has already held assault as categorically a violent felony, it's logical syllogism that the greater offense of robbery is also a violent felony. Can I ask one more question? Now, 1st degree aggravated robbery, that was the conviction. Is that correct? You had 3 simple robberies and 2 aggravated robberies. In our argument, is that simple robbery is necessarily... So you don't even want to get into the aggravated robbery? There's no need to, Your Honor. You make these cases sound simple. I wish they were that simple to me. Do you ever feel as though we judges, including the Supreme Court justices, are like the medieval theologians worrying how many angels can dance on the head of a pin? I think if we look at the history and we take a close look at what Curtis Johnson actually said... It would have been crystal clear to those who would have stopped to think. Yes. Thank you. Thank you for your argument. We'll hear from Mr. Gatz on rebuttal. Thank you, Your Honor. I think this court's precedent compels a finding that Minnesota's 1st degree aggravated robbery conviction is not a crime of violence. Samuel Johnson, you have to go back to the Sawyer decision. The Sawyer decision was the case that interpreted Arkansas' robbery statute. Samuel Johnson relied upon Sawyer. Raymond adopted Samuel Johnson and followed that reasoning. In Eason, this court overturned Sawyer, the underlying legal basis for the decisions in Johnson and Raymond. So therefore, the entire legal underpinning of this court's holding as to Minnesota's aggravated robbery statute has been removed. Also, I think as the court pointed out, neither Raymond nor Johnson applied the concrete analysis. They don't really apply the categorical approach looking at the least conduct criminalized under the statute. And State v. Nelson is a case that holds that any... In that case, there was no injury. There was no pain. Nothing like that. And the force used was not capable of causing injury or pain. Yet the Supreme Court said that we don't need to talk about it much. That was the Minnesota Supreme Court's language. That's enough. Pulling off the jacket was enough to constitute a simple robbery. Also, looking at the language of the statute itself in Minnesota, this court found that that language was almost identical. That's a quote from this court in Samuel Johnson. Almost identical to Arkansas' statute. So this court's analysis in Eason applies to this case and should be followed. Finally, as to Jennings, Jennings is not, I submit, persuasive upon this court because Jennings never applied the analysis that this court applies to these type of cases. The analysis that this court gave us in a reasonable possibility, reasonable probability, that a state court would or a state interpretative statute to conduct falling less than violent felony, then that offense is categorically not a violent felony. Jennings did not follow that analysis. It did follow the non-proof analysis. Do you agree that we're talking about three simple robbery convictions? Yes. And one aggravated robbery. Correct. But we're not concerned with the aggravated robbery? Well, I think that's the one we talked about before Judge Frank most extensively. So to that extent, I can't say we can ignore it, but I think... It's not what everyone's been talking about here today. Right. It would, you know, he has multiple ways you can get to being a non-criminal. But to also, I think Jennings just finally misapplied Nelson to Minnesota Supreme Court. It's not a force threatened case. It's a force used case. That's what the Minnesota Supreme Court analyzed. And the force used was less than violent. Could we rely on Samuel Johnson and forget about going down the rabbit hole of the other cases? No, I think this court has to rely on Eason. Rely on this court's decision and Eason. Okay. So Eason is a controlling decision? Yes. Thank you. Very good. Well, thank you for the argument. The case is submitted. Madam Clerk, does that conclude?